**Jane STRAUB, Plaintiff,**

v.

**Anne C. KEAN and Harold J. Straub, Defendants.**

**Civ. A. No. 7737.**

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 2, 1962.

Randolph Murdaugh, Murdaugh, Eltzroth & Peters, Hampton, S. C., for plaintiff.

Harold A. Mouzon, Moore & Mouzon, E. Lloyd Willcox, Charleston, S. C., for defendant Anne C. Kean.

Ben Scott Whaley, Charleston, S. C., for defendant Harold J. Straub.

WYCHE, District Judge.

Counsel for the plaintiff Jane Straub in the above stated case first brought an action in the court of common pleas for Hampton County, for Jane Straub's husband Harold J. Straub to recover damages sustained by him in a collision alleging that the "aforesaid collision and the resulting injuries to plaintiff and his wife were due to and proximately caused by the negligence, carelessness, recklessness, wilfulness, wantonness and gross negligence of the defendant" in the particulars named in the complaint.

Subsequently, the same counsel brought the above entitled action for Jane Straub, wife of Harold J. Straub, in the court of common pleas for Hampton County, against Anne C. Kean and Harold J. Straub, to recover damages for personal injuries alleged to have been sustained by her when an automobile driven by her husband defendant Harold J. Straub, in which she was riding at the time of the same collision, collided with an automobile owned and driven by the defendant Anne C. Kean, wherein it is alleged that the collision and resulting injuries sustained by the plaintiff Jane Straub were due and proximately caused by the "combined, concurrent, joint and several negligence, carelessness, recklessness, heedlessness, wilfulness, wantonness and gross negligence of the defendants" in the particulars set out in the complaint.

The defendant Anne C. Kean duly filed her petition for removal and this case was removed to this court on July 3, 1962, on the ground of fraudulent joinder of plaintiff's husband as a party-defendant, the petition for removal alleging that "there are in the Complaint no definite specifications of negligence against the Defendant, Harold J. Straub, he being merely included in certain vague and general charges of negligence as to both Defendants, whereas there are definite charges of negligence against the Defendant, Anne C. Kean, it being clear that she is the only Defendant from whom the Plaintiff seeks to recover", and "the same Attorney who brings this

action against the Defendant, Harold J. Straub is likewise the Attorney for the Plaintiff, Harold J. Straub in an action now pending in the Court of Common Pleas for Hampton County, South Carolina, in which he seeks to recover damages from the Defendant, Anne C. Kean, for injuries received in the same collision which is the subject of this action and alleges that such collision was due to the sole fault of Anne C. Kean, as will more fully appear by reference to the Complaint in subject action", and the petition concludes, in effect, for this reason counsel for the plaintiff Jane Straub could not in good faith press a claim against his client Harold J. Straub in the present action.

The defendant Anne C. Kean answered the complaint in the action of Jane Straub plaintiff against her and Harold J. Straub and alleged that the "collision referred to in the Complaint and the injuries suffered by the Plaintiff, were due to no negligence on the part of this Defendant, but solely and entirely to the carelessness, negligence, recklessness, wilfulness and wantonness of the Defendant, Harold J. Straub, in failing to keep his automobile under proper control, and to maintain a proper lookout, and in driving his automobile at a high and illegal rate of speed, and to the left of the center of the highway into and upon this Defendant's automobile."

■ The above entitled action is now before me upon the motion of the plaintiff Jane Straub to remand the case to the court of common pleas for Hampton County upon the following grounds: there is no diversity of citizenship as between Jane Straub and Harold J. Straub; this court cannot acquire jurisdiction of the case by removal since it was not within its original jurisdiction; the defendant Harold J. Straub was not fraudulently joined.

It, therefore, appears that counsel for the plaintiff Jane Straub in the above entitled action claims that her injuries and damages were caused by the heedless and reckless conduct of her husband Harold J. Straub, when he had already

in another action as attorney for the same Harold J. Straub alleged that Harold J. Straub was free of all fault in the accident out of which both actions arose.

Regardless of whether or not the complaint technically states a joint cause of action against Harold J. Straub and Anne C. Kean, it is my opinion that I must conclude that the joinder of Harold J. Straub is not in good faith and constitutes a fraudulent joinder to defeat federal jurisdiction. Counsel cannot bring an action for damages for one party and then in good faith sue him and another party for damages in another action arising out of the same accident.

For this reason, I must conclude that the motion to remand should be denied, and

IT IS SO ORDERED.

The case is also before me on motion of defendant Harold J. Straub to dismiss the above entitled action as to him on the ground of improper venue and lack of jurisdiction if it be held that he was fraudulently joined.

■ The general venue statute (28 U.S.C.A. § 1391) has no application to actions removed from a state court to a federal district court. The venue of removed actions is governed by 28 U.S.C.A. § 1441(a), providing for removal to the district court of the United States for the district and division embracing the place where such action is pending. Polizzi v. Cowles Magazines, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331.

■ Having found that Harold J. Straub was fraudulently joined it necessarily follows that the action as to him should be dismissed, and

IT IS SO ORDERED.

■ The above case is also before me upon motion of the plaintiff "That in the event this Court should retain jurisdiction, the plaintiff further moves for an Order transferring the case to the Aiken Division upon the ground that the cause of action arose in Hampton County, South Carolina; the original action was

instituted in such County and that said County is within jurisdiction of the Aiken Division of this Court."

It is my opinion that this motion should be granted. 28 U.S.C.A. § 1441 (a).

It is, therefore, ORDERED, That the above entitled action be and the same is hereby transferred from the Charleston Division to the Aiken Division of this Court.

IT IS FURTHER ORDERED, That the plaintiff, if she be so advised, shall have ten (10) days from the date of this Order in which to file an amended complaint so as to state her cause of action against Anne C. Kean, and that Anne C. Kean shall have ten (10) days from the date of service upon her of amended complaint to answer the amended complaint or otherwise plead, if she be so advised.