UNITED STATES of America,
Plaintiff,

v.

**$78,850.00 IN UNITED STATES CURRENCY, Defendant.**

C.A. No. 2:05–1752–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

March 9, 2006.

Deborah B. Barbier, U.S. Attorneys Office, Columbia, SC, for Plaintiff.

James Kevin Holmes, Steinberg Law Firm, Charleston, SC, for Defendant.

### *ORDER*

DUFFY, District Judge.

On December 6, 2005, claimants Henry Betancur, HB Transport & Freight Corporation, and Luis Munoz ("claimants") moved this court to transfer the above-captioned case from the United States District Court for the District of South Carolina to the United States District Court for the Southern District of Florida, located in Miami, Florida. The United States of America filed a memorandum in opposition to the claimants' motion to transfer venue. For the reasons set forth herein, the court denies the claimants' motion to transfer venue.

### *BACKGROUND*

This is a civil action *in rem* brought pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(A) and (C), and 21 U.S.C. § 881(a)(6). Specifically, the United States seeks the forfeiture of $78,850.00, seized from Luis Munoz ("Munoz") and

Jose Edwin Gomez Serna ("Serna") by Deputy Joseph Burnette ("Burnette") of the Dorchester County Sheriff's Office during the traffic stop of a freightliner on Interstate 95 in St. George, South Carolina.[1] The United States seeks forfeiture of this money based upon reasonable cause that it is traceable to the following: (1) proceeds furnished or intended to be furnished in exchange for controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) property involved in money laundering activities in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i); (3) property involved in illegal money transmitting business in violation of 18 U.S.C. § 1960; (4) property involved in currency reporting violations in violation of 31 U.S.C. § 5313(a); and/or (5) proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(c)(7). (Compl. at 1, 2.) In the Complaint, the United States asserts that "[v]enue lies in the District of South Carolina pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b), in that the acts giving rise to the forfeiture occurred within the District of South Carolina, and the subject property is now located within the District of South Carolina and will remain so throughout the pendency of this action." (Compl. at 2.)

The facts of the case are as follows. On December 16, 2004, at approximately 10:00 a.m., Deputy Burnette stopped a blue Freightliner truck on I–95 for following another vehicle too closely. As the truck pulled over, Deputy Burnette observed the passenger of the truck switch seats with the driver of the truck. Upon approaching the truck, Burnette observed Munoz in the driver's seat and Serna in the passenger's seat. Deputy Burnette asked Munoz for his license and the bill of lading. Munoz retrieved the paperwork, and Munoz and Burnette walked to the back of the trailer. Burnette told Munoz that he was going to issue him a warning for following too closely. Burnette asked Munoz and Serna a few questions, including whether there was any currency in the truck. Both men gave Burnette permission to search the truck. Thereafter, Charleston Deputy Allen Williams arrived on the scene.

When Deputies Williams and Burnette searched the truck, they noticed several loose rubber bands on the floor, a tan suitcase with a small lock on it, and what appeared to be a "tally sheet" on a small piece of paper. Williams introduced his drug detecting dog to various areas of the truck, and the dog alerted positively to the rear of the bed near a large hinge that looked fabricated and not factory installed. When the deputies opened the tan suitcase, they observed several black plastic bags containing candles and disinfectant spray. Burnette also located a bag that contained $19,600.00 wrapped in rubber bands. Munoz said that the money was not his but that he was taking it to some unidentified person in Miami. Williams then located additional currency similarly wrapped, totaling $47,000.00. Another plastic bag in the passenger side compartment of the truck contained an additional $12,500.00. Deputies also located a secret "after market" compartment in the bottom of the truck.

Based on the aforementioned, Williams and Burnette seized the currency, and at approximately 11:30 a.m., and Special

---

1. In the Complaint, the United States acknowledges that Munoz and Serna may have or claim an interest in the seized money by virtue of being present in the vehicle at the time Deputy Burnette seized the money. Additionally, the United States acknowledges that Henry Wilson Betancur ("Betancur") may have or claim an interest in the property by virtue of being the record title owner of the vehicle from which Deputy Burnette seized the money. (Compl. at 3.)

Agents Willis, Faison, and Orr arrived and met with the deputies. Willis and Orr advised Munoz and Serna of their Miranda rights, which they subsequently waived. When asked questions about their trip from New York to Miami, however, Munoz and Serna answered the questions inconsistently.

After the United States seized the money, claimants Betancur, HB Transport, and Munoz filed a claim for the return of the money and obtained local counsel in South Carolina. However, on December 6, 2005, the claimants filed a motion to transfer venue to the United States District Court for the Southern District of Florida in Miami. In their motion, the claimants allege that they both live in Florida and have little contact, if any, with South Carolina. (Mot. at 1–2.) Essentially, the claimants assert that this case should be transferred in the interest of justice because the cost of litigating the claim in South Carolina will "chill" their claim and constitute a substantial economic hardship. The United States opposes the motion to transfer venue for several reasons, including *inter alia,* that the acts giving rise to the forfeiture occurred in South Carolina, that the subject property is located in South Carolina, and that the majority of the witnesses in this case are located in South Carolina.

### *STANDARD OF REVIEW*

As previously mentioned, this is a civil action brought by the United States for the forfeiture of $78,850.00.

A forfeiture action or proceeding may be brought in—

(A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1355(b)(1). Additionally, section 1395 provides that a civil forfeiture proceeding "may be prosecuted in the district where it accrues or the defendant is found." 28 U.S.C. § 1395(a). Section 1395 also provides that "[a] civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

The claimants in the present case seek to transfer venue from this court to the United States District Court for the Southern District of Florida, located in Miami, Florida. Section 1404 provides the following:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of the parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

28 U.S.C. § 1404(a)-(b).

### *DISCUSSION*

■ In seeking to transfer venue, the claimants essentially argue that this court should transfer venue to Miami, Florida, where claimants Betancur and Munoz reside and where Betancur's business, HB Transport, is located, for their convenience and in the interest of justice. However, the United States opposes the claimant's motion and argues that there is no legal basis to support a change of venue. (Opp. at 7.) First, the United States argues that

the claimants fail to address how this case originally could have been brought in the Southern District of Florida. Second, the United States claims that the convenience of the parties actually dictates that this case be litigated in South Carolina, where both the defendant property and the majority of the witnesses are located. In their reply, the claimants assert that the government has failed to point to sufficient "acts" that occurred in South Carolina to support jurisdiction in this court. Claimants state that currency is not contraband, and "the fact that money happened to be taken from the claimants as they traveled through South Carolina on their way to Miami should not be determinative of venue." (Reply at 3.)

When considering whether to exercise discretion to transfer this case, the court must consider whether venue is proper in the proposed transferee district. *See* 28 U.S.C. § 1404(a) (allowing transfer of venue to "any other district or division where it might have been brought"). If the proposed venue is proper, the court then considers whether transfer is in the interest of justice and will serve the convenience of the parties and witnesses.[2]

First, the court is doubtful that the proposed venue is proper. The claimants state that Miami is the principal place of business for Betancur's company, which owns the truck. However, the claimants never assert that any acts giving rise to the forfeiture occurred in Florida. *See* 28 U.S.C. § 1355(b)(1). Moreover, the defendant property is in South Carolina and not in the Southern District of Florida. *See* 28 U.S.C. § 1395.

In any event, regardless of whether the proposed venue is proper, the court does not find that a balance of the interests weighs in the claimants' favor. Although claimants Betancur and Munoz reside in Florida, inevitably causing inconvenience to them in bringing their claim, the court believes that a transfer to Florida actually would cause much greater inconvenience to the United States. First, the majority of the witnesses in this case, including the deputies, the South Carolina drug enforcement officers, and the Charleston and Summerville police officers, are in South Carolina. Also, the defendant property is in South Carolina. Moreover, contrary to the claimants' arguments, the court believes that sufficient acts giving rise to the forfeiture occurred in South Carolina, not only providing this court with jurisdiction, but also providing South Carolina with an interest in the litigation. Ultimately, Plaintiff's choice of forum is entitled to significant weight, and because a balance of the interests in this case weighs in the government's favor, the court declines to exercise its discretion to transfer the present matter to the Southern District of Florida.

### CONCLUSION

It is, therefore, **ORDERED** for the foregoing reasons, that the claimant's motion to transfer venue is **DENIED**.

**AND IT IS SO ORDERED.**

2. In ruling on a motion to transfer, the court commonly considers the following factors: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining attendance of the witnesses; (3) the availability of compulsory process; (4) the possibility of view by a jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *Landers v. Dawson Constr. Plant, Ltd.,* 201 F.3d 436 (4th Cir.1999) (unpublished) (citations omitted).