SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA, Plaintiff,

v.

Brigitte SCHREMMER and Gerhardt Schremmer, individually and as assignees of Michael L. Hudson, Defendants.

C.A. No.: 9:06–2408–PMD.

United States District Court,
D. South Carolina,
Beaufort Division.

Oct. 24, 2006.

Andrew F. Lindemann, Davidson Morrison and Lindemann, Columbia, SC, for Plaintiff.

John Rhett Crosswell Bowen, Laughlin and Bowen, Hilton Head Island, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Defendant Brigitte Schremmer's and Defendant Gerhardt Schremmer's motion to dismiss for improper venue or in the alternative to transfer venue. For the reasons set forth herein, the court denies Defendants' motion.

## BACKGROUND

On February 27, 2003, Brigitte Schremmer was injured when a stairway collapsed at The Gatherings,[1] and she filed suit in Beaufort County, South Carolina, against subcontractor Michael L. Hudson ("Hudson"), seeking damages for her injuries. Her husband, Gerhardt Schremmer, brought a loss of consortium action arising out of the same occurrence and likewise prosecuted that cause of action in Beaufort County. On October 27, 2005, Judge Curtis L. Coltrane entered an Order of Judgment in which Hudson confessed judgment in favor of Brigitte Schremmer in the amount of $300,000 and in favor of Gerhardt Schremmer in the amount of $200,000. Pursuant to that order, Hudson agreed to assign all of his rights against Plaintiff Selective Insurance Company of South Carolina ("Plaintiff" or "Selective Insurance") to the Schremmers.

Selective Insurance issued a Commercial General Liability policy to Michael L. Hudson d/b/a Hudson Exteriors but asserts this policy was cancelled on January 13, 2001. (Plaintiff's Mem. at 2.) Plaintiff brought action in the Beaufort County Court of Common Pleas on April 12, 2006, seeking declaratory judgment that there is no coverage under the Commercial General Liability policy for any loss arising out of the February 27, 2003 stairway collapse and that Plaintiff has no duty to indemnify Defendants, as assignees of Hudson, for the confessed Judgments. (Complaint at 6.) Defendants filed notice of removal to this court on August 28, 2006.[2] On August 30, Defendants moved pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss for improper venue or in the alternative to transfer venue.

## ANALYSIS

■ The general venue statute is 28 U.S.C. § 1391, but venue in a removed case is governed exclusively by 28 U.S.C. § 1441(a), which provides as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The Supreme Court of the United States has stated, "[E]ven on the question of venue, s[ection] 1391 has no application ... [in] a removed action. The venue of removed actions is governed by 28 U.S.C. ... [section] 1441(a)." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663,

---

1. The parties do not specifically identify where The Gatherings is located. When Defendants filed suits as a result of the stairway collapse, they both alleged The Gatherings is a "horizontal property regime created and existing pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina." (*See* Plaintiff's Mem. Attachment 1, ¶ 2; Plaintiff's Mem. Attachment 2, ¶ 4.) In the case before this court, Defendants state the injury occurred while they were visiting South Carolina. (Defendants' Mem. at 1.)

2. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953); *see also Straub v. Kean*, 207 F.Supp. 420, 422 (D.S.C.1962) ("The venue of removed actions is governed by 28 U.S.C.A. § 1441(a), providing for removal to the district court of the United States for the district and division embracing the place where such action is pending."). Plaintiff brought this action in the Beaufort County Court of Common Pleas, and Defendants removed the action to this court, which is the district court "for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Pursuant to § 1441(a), venue in this court is proper.

Defendants assert that they "are entitled to be sued in the forum where they reside." (Defendants' Mem. at 2.) Defendants, however, cite no authority for this proposition, nor do they discuss why 28 U.S.C. § 1441(a) should not apply in this case. Defendants did reserve the right to challenge venue when they removed the action to federal court. (Defendants' Notice of Removal at 3.)[3] Even if Defendants have this right, they have failed to show venue is improper. Section 1391(a) states,

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Although Defendants assert the right to be sued in their home state, § 1391(a) does not mandate such a result; the statute also says venue is proper where a "substantial part of the events or omissions giving rise to the claim occurred." *Id.* Plaintiff sued Defendants to determine whether it is subject to liability on an insurance contract issued by a corporation organized under the laws of South Carolina for an injury that occurred in South Carolina. Thus, Defendants' assertion that venue is improper simply because they were not sued in the forum where they reside is incorrect. *See Red Light, LLC v. American Traffic Solutions, Inc.*, No. 3:05–3103–MBS, 2006 WL 463569, at *4 (D.S.C. Feb.23, 2006) ("In an action where federal jurisdiction is based solely on diversity, venue is proper in the judicial district where the defendant resides or where a substantial part of the events giving rise to the claim occurred."). Defendants do not demonstrate or appear to

---

**3.** Defendants also argue this case should be dismissed under the common law doctrine of *forum non conveniens*. The seminal case recognizing this common law doctrine is *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), but "[t]he dispute in *Gulf Oil* was over venue, not jurisdiction, and the expectation was that after dismissal of the suit in New York the parties would refile in federal court, not the state courts of Virginia. This transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute, and to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in 'cases where the alternative forum is abroad.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994)). The superseding statute is 28 U.S.C. § 1404(a). *See Quackenbush*, 517 U.S. at 722, 116 S.Ct. 1712. As Defendants do not suggest an alternative forum outside the United States, this court declines to dismiss the action under the doctrine of *forum non conveniens*.

contend that a substantial part of the events giving rise to the claim occurred outside South Carolina. Venue is thus proper in this court.

■■■ In the alternative, Defendants seek a transfer of venue to the appropriate federal district court in New York pursuant to 28 U.S.C. § 1404(a). That section states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). In determining whether to exercise that discretion, "the court must consider whether venue is proper in the proposed transferee district. If the proposed venue is proper, the court then considers whether transfer is in the interest of justice and will serve the convenience of the parties and witnesses." *United States v. $78,850.00 in U.S. Currency*, No. 2:05–1752–PMD, 2006 WL 2384709, at *3 (D.S.C. Mar.9, 2006) (citation omitted).[4]

■■■ Although Defendants do not indicate in which New York district court venue would be proper, as New York is where both Defendants reside, the appropriate district court would have venue. *See* 28 U.S.C. § 1391. Even so, this court does not find that a balance of the interests weighs in Defendants' favor. Although Defendants may be inconvenienced by defending this action in South Carolina, this court believes. a transfer to New York would cause much greater inconvenience to Plaintiff. Defendants assert their physical condition would prevent them· from traveling to South Carolina for trial, but Defendants did not address the necessity of their own testimony. As this action is to determine whether there is coverage under a Commercial General Liability policy issued to Hudson for the two judgments confessed in favor of Defendants, Defendants' testimony would not likely assist in determining this issue. Furthermore, both Defendants filed suit against Hudson in Beaufort County, South Carolina, in order to obtain those confessed judgments. The policy in question was issued by Plaintiff, a corporation organized under the laws of South Carolina, and the injury that potentially subjects Plaintiff to liability occurred in South Carolina.

Defendants assert Plaintiff can more easily bear the expense and hardship of having its witnesses travel to New York than Defendants can bear the expense and hardship of traveling to South Carolina because Defendants believe Plaintiff's witnesses will be traveling from New Jersey or North Carolina. (Defendants' Mem. at 3.) Plaintiff asserts its likely witnesses will be Hudson, a representative from Kinghorn Insurance Agency ("Kinghorn"), and a claims representative from Plaintiff. (Plaintiff's Mem. at 7.) It is uncertain from where Hudson would travel, but both Defendants alleged Hudson was a citizen and

4. [T]he following factors are commonly considered in ruling on a motion to transfer: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *Landers v. Dawson Constr. Plant, Ltd.*, 201 F.3d 436, 1999 WL 991419, at *2 (4th Cir. 1999) (unpublished table decision) (citations omitted).

**528**

resident of Beaufort County, South Carolina, in the complaints they filed in the Beaufort County Court of Common Pleas. (*See* Plaintiff's Mem. Attachment 1, ¶ 8; Plaintiff's Mem. Attachment 2, ¶ 9.) Plaintiff asserts that the representative from Kinghorn would travel from Beaufort, South Carolina, and that its claims representative would travel from Charlotte, North Carolina. (Plaintiff's Mem. at 7.) Transferring this case to New York would thus require the witnesses to travel more than if the case remains in South Carolina. Both Plaintiff and Defendants appear to agree that South Carolina law governs,[5] and South Carolina has an interest in the litigation because a South Carolina corporation issued the policy in question and because Brigitte Schremmer's physical injury occurred in South Carolina. As Plaintiff's choice of forum is entitled to "significant weight," *$78,850.00 in U.S. Currency*, 2006 WL 2384709, at *4; *see also Gulf Oil Corp.* 330 U.S. at 508, 67 S.Ct. 839, and because a balance of the interests weighs in favor of Plaintiff, this court declines to exercise its discretion to transfer the present matter to New York.

### *CONCLUSION*

It is therefore **ORDERED,** for the foregoing reasons, that Defendants' motion to dismiss for improper venue or in the alternative to transfer venue is **DENIED.**

**AND IT IS SO ORDERED.**

5. In their Answer and Counterclaims, Defendants assert Plaintiff breached a duty owed to Hudson under South Carolina law. (Ans.¶ 47.) Plaintiff also indicates South Carolina law governs. (Plaintiff's Mem. at 7–8.)